# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY P. BARNETT, | Case No. 2:21-cv-01817-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 30] |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

Pending before the Court is an unopposed motion to award Plaintiff attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), as well as to award costs. Docket No. 30. The Commissioner takes no position on the motion. *See id.* at 6.

The Court has an independent obligation to consider the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed. *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020) (collecting cases). Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A). Hence, a review of a fee request requires appropriate documentation to conduct the lodestar analysis, along with a showing regarding the hourly rates sought to the extent they exceed the cap imposed by Congress. *See, e.g.*, *Douzat*, 2020 WL 3408706, at *2-4. When such information has not been provided, the fee request may be denied without prejudice so that such information can be presented to the Court in a renewed request. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).[1]

---

[1] The Court in its discretion may also "simply reduce[] the fee to a reasonable amount" when it is not provided appropriate documentation. *Id.* Although the Court is providing a further opportunity to support the fee request with appropriate documentation by issuing this order, it may not do so again in the event any renewed request is not sufficiently supported.

1

The instant request leaves many questions unanswered.  First, Plaintiff seeks to recover for four hours expended by David Solomonik, a legal assistant.  Docket No. 30-2 at 1; Docket No. 30-3 at 7.  Secretarial tasks are not recoverable because they are generally considered part of attorney overhead.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).  Legal Assistant Solomonik performed tasks like filing documents and making notations in the file.  *See* Docket No. 30-2 at 1.[2]  No showing has been made that such time is compensable.  *Cf. Douzat*, 2020 WL 3408706, at *3.[3]

Second, time expended by attorney Hal Taylor appears to be similarly clerical in nature.  Docket No. 30-2 at 2.  For example, Attorney Taylor seeks to recover for the time to "[d]ownload and file State Certificate," and to "[o]pen case and file."  *Id.*  No showing has been made that such time is recoverable.  *Cf. Nadarajah*, 569 F.3d at 921 (identifying "filing" and "document organization" as clerical tasks).

Third, it is unclear why four attorneys billed on this matter.  *See* Docket No. 30-2 at 1-2.  Courts look with skepticism on such staffing because it can lead to duplication of effort and unnecessary expenditure of time.  *E.g.*, *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).  For example, it is unclear whether Attorney Daley reasonably spent time to "review[] record and accept[] case for court" when Attorney Tarlock that same day also "reviewed decision and researched 9th cir. [sic] law."  Docket No. 30-2 at 1-2.  It would seem that only Attorney Tarlock's expenditure of time was necessary.  Similarly, it is unclear why any time would be recoverable for Attorney Marcus, who spent less than half an hour "conferr[ing]" about "opening doc[uments]" and "review[ing] opening doc[uments]."  *See* Docket No. 30-2 at 2.  No explanation has been advanced as to why such duplicative work was reasonable in this case.  *Cf.*

---

[2] The motion conflates different positions and tasks, referring to paralegals, legal assistants, and law clerks interchangeably.  *See* Docket No. 30 at 5.  Precision is important in this context.

[3] Similarly, it appears that the bulk of the time spent by case manager Anjali Rathore relates to clerical matters, such as receiving, scanning, and faxing documents.  *See* Docket No. 30-2 at 1.  Even when done by a paralegal or similar professional, such time is not recoverable.  *E.g.*, *Nadarajah*, 569 F.3d at 921.

*Budge v. Saul*, 2021 WL 148993, at *2 (D. Nev. Jan. 15, 2021); *Henderson v. Saul*, No. 2:19-cv-0028-NJK, Docket No. 34 (D. Nev. Oct. 9, 2020).[4]

In addition to the issues regarding the time expended, Plaintiff has not sufficiently supported the hourly rates requested. With respect to Legal Assistant Solomonik and Case Manager Rathore, no declaration or other competent evidence is submitted as to the reasonable rates for such work in this District. Moreover, the motion refers to hourly rates awarded in other cases, but does not actually cite to any awards from this District or any awards for Legal Assistant Solomonik and Case Manager Rathore. *See* Docket No. 30 at 5.[5]

Similarly, a sufficient showing has not been made for the attorney rates sought in this case. In the EAJA context, there is a two-step process in determining attorney rates. First, the movant must show whether the hourly rate cap applies in the case or whether the Court in its discretion should adjust that cap. *See, e.g.*, *Douzat*, 2020 WL 3408706, at *3. Second, even when a showing has been made for enhanced rates under the EAJA, the movant must further show that those rates sought are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Nadarajah*, 569 F.3d at 916. Such showings have not been made here. For example, Attorney Tarlock appears to have been practicing social security law for four years, Docket No. 30-3 at 4,[6] but no showing has been made that an attorney with comparable skill, experience, and reputation would receive in this District the hourly rate being sought.[7]

---

[4] It may be efficient in some cases to have a junior attorney, billing at a lower rate, take the laboring oar on most of the work subject to oversight by a more expensive senior attorney. *Cf. 87 S. Rothschild Liquor Mart, Inc. v. Kozubowski*, 775 F. Supp. 1129, 1131 (N.D. Ill. 1991). Such efficiency does not exist here since Plaintiff seeks the same hourly rate for these attorneys.

[5] The only case cited does not appear to involve hourly rates in Nevada, and it involves paralegal and law student intern rates. *Nadarajah*, 569 F.3d at 918. No meaningful explanation has been advanced as to why that justifies the rates sought in this case.

[6] It is not clear when Attorney Tarlock passed the bar.

[7] Plaintiff's failure to submit evidence is particularly problematic given that it is not uncommon in this District for attorneys' rates to be requested and/or set at amounts below those being sought here. *See Wesco Ins. Co. v. Smart Indus. Corp.*, 2020 WL 3050710, at *2 (D. Nev. June 8, 2020) (adopting hourly rate of $150 for fourth-year associate work); *see also Garmong v. Lyon Cnty.*, 2019 WL 320567, *2 (D. Nev. Jan. 24, 2019) (adopting hourly rate of $160 for partner work and $140 for associate work); *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2017 WL

Accordingly, Plaintiff's application for fees and costs is **DENIED** without prejudice. Any renewed request must include appropriate paperwork as to the hours worked and the rates being sought, as well as meaningful discussion on the reasonableness of both. Any renewed request must be filed by August 15, 2022.

IT IS SO ORDERED

Dated: August 1, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

2562104, at *2 (D. Nev. June 13, 2017) (adopting hourly rate of $150 for associate work); *Jones v. Nye Cnty.*, 2016 WL 7441068, at *3 (D. Nev. Dec. 27, 2016) (adopting hourly rate of $150 for partner work and $125 for associate work); *Am. Contractors Indem. Co. v. Emerald Assets L.P.*, 2016 WL 4591767, at *5 (D. Nev. Sept. 2, 2016) (adopting hourly rate of $125 for associate work); *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, at *10-11 (D. Nev. Apr. 16, 2015) (in relatively complex patent case, adopting requested hourly rate of $95 for work done by "[n]ewly licensed attorney").

4