# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY P. BARNETT, | Case No. 2:21-cv-01817-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 32] |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's renewed motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). Docket No. 32. The Commissioner has not opposed the motion. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion is **GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

Plaintiff brought this suit for judicial review of the denial of social security benefits claims. Docket No. 16. Prior to engaging in any substantive motion practice, the Commissioner stipulated to remand the matter. Docket No. 27. Plaintiff then moved for fees and costs pursuant to the EAJA. Docket No. 30. The Court denied that motion without prejudice for failing to provide supporting information. Docket No. 31. Now pending before the Court is Plaintiff's renewed motion for fees and costs pursuant to the EAJA. Docket No. 32.

## II.   STANDARDS

The Court has an independent obligation to review the reasonableness of the fees sought under the EAJA regardless of whether the request is opposed. *Douzat v. Saul*, 2020 WL 3408706, at *1 & n.1 (D. Nev. June 11, 2020) (collecting cases). This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992)

(in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court [is] required to independently review [a] fee request even absent [] objections"); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (*per curiam*) (case law interpreting § 1988 applies equally to the task of determining a reasonable fee under the EAJA). This obligation is also highlighted by the local rules in this District. *See* Local Rule 7-2(d) (an unopposed motion may be summarily granted except, *inter alia*, a motion for attorneys' fees); Local Rule 54-14(d) ("If no opposition is filed, the court may grant the motion [for attorneys' fees] after independent review of the record").

Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa*, 690 F.3d at 1135. Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1] Courts have substantial discretion in fixing the amount of an EAJA fee award. *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

**III.   ANALYSIS**

Plaintiff seeks to recover for the 13 hours of time spent by four attorneys and two legal assistants, and seeks hourly rates of $217.54 and $100 respectively for that work. As discussed below, the Court finds that the proposed lodestar is not reasonable and will reduce it accordingly.

A.   HOURS EXPENDED

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates*, 987 F.2d at 1398). In reviewing the hours

---

[1] Adjustments to the lodestar are proper in only rare and exceptional cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *Hensley*, 461 U.S. at 433. The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Secretarial tasks are not recoverable in a fee award because they are generally considered part of attorney overhead. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Time spent receiving documents, managing the case file, or sending communications is clerical in nature. *E.g.*, *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (identifying "filing" and "document organization" as clerical tasks); *Rosemary G. V. v. Saul*, 2020 WL 6703123, *4 (S.D. Cal. Nov. 12, 2020) (collecting cases that "receipt" of an order or party filing is a clerical task).

          1.     Attorneys

Plaintiff seeks to recover for 5.3 hours of time expended by three attorneys tasked with advancing the merits of the case. *See* Docket No. 32-2 at 1-2 (time for attorneys Daley, Marcus, and Tarlock). Courts look with skepticism on such staffing because it can lead to duplication of effort and unnecessary expenditure of time. *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). Of course, awarding fees for work by multiple attorneys is not always impermissible, as some degree of duplication may be appropriate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Although it seems at first blush that having three attorneys work on the substance of this matter would be duplicative and unreasonable, the Court accepts counsel's explanation that they take a collaborate approach to ensure that any appeals they file are meritorious. Docket No. 32 at 7. That such time was expended reasonably is reinforced by the results counsel obtained for Plaintiff. *Cf. Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). As such, the Court will not reduce the attorney hours sought on the ground that they were duplicative or that the case was overstaffed. Moreover, the Court finds the time expended by these attorneys to be reasonable.

Plaintiff also seeks to recover for 1.0 hours of time expended by local counsel Taylor. *See* Docket No. 32-2 at 2. Much of this time was used for clerical tasks. For example, attorney Taylor seeks to recover for the time to "[d]ownload and file State Certificate," and to "[o]pen case and

3

file." *Id.* Such secretarial tasks are not compensable, even when they are performed by an attorney. *See Jenkins*, 491 U.S. at 288 n.10. The Court finds that 0.5 hours were expended by attorney Taylor on non-clerical matters.[2]

Accordingly, the Court will calculate the attorneys' fees for 5.8 hours of work.

### 2.  Legal Assistants

Plaintiff seeks to recover for 4.0 hours expended by legal assistant David Solomonik, almost all of which was spent on clerical tasks such as filing documents, downloading documents, and making notations in the file. Docket No. 32-2 at 1. Three billing entries include some compensable time for non-clerical tasks, though those tasks are intermixed with non-compensable time for filing documents. *See id.* (billing entry for 0.35 hours reflecting "drafted and filed a 14-day ext to pay the filing fee" on November 3, 2021; billing entry for 0.5 hours reflecting "drafted and filed motion for leave to file amended complaint" on November 5, 2021; and billing entry for 0.25 hours reflecting "revised format and filed amended ext to pay the filing fee" on November 5, 2021). Because these billing records include some time that is recoverable and some clerical time that is not recoverable, the Court will allow half of the time at issue. The Court finds that 0.55 hours were expended by legal assistant Solomonik on non-clerical matters.

Plaintiff also seeks to recover for 1.7 hours expended by case manager Anjali Rathore. Docket No. 32-2 at 1. Such time includes clerical tasks, such as receiving, scanning, and faxing documents. *See id.* Plaintiff has not advanced any meaningful showing that any of this time is non-clerical in nature, so the Court will exclude this time from the lodestar.

### B.  HOURLY RATES

Under the EAJA, reasonable attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja v. Gonzales*, 428 F.3d 870,

---

[2] The billing entry for September 30, 2021, includes a mix of clerical and non-clerical activities, so the Court will allow for half of that time in lodestar.

4

876-77 (9th Cir. 2005). Even when a showing has been made for enhanced rates under the EAJA, the movant must also show that the rates sought are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Nadarajah*, 569 F.3d at 916. The fee applicant bears the burden of producing satisfactory evidence in support of the rates being sought. *Camacho*, 523 F.3d at 980.

   1. Attorneys

Plaintiff seeks to recover for attorney time at the maximum allowable EAJA hourly rate of $217.54. Docket No. 32 at 4. This aspect of the motion fails on two fronts. First, whether to award fees above the statutory cap requires a showing that the adjustment is warranted as an exercise of discretion. *See, e.g.*, *Douzat*, 2020 WL 3408706, at *3. The renewed motion does not include meaningful argument that an adjustment beyond the statutory cap is warranted in this case.[3,4] Second, even were the Court to find an adjustment of the statutory cap to be warranted, the fee applicant must also show that the hourly rates sought are consistent with the prevailing rates in this community for attorneys of similar experience, skill, and reputation. *Nadarajah*, 569 F.3d at 916. An insufficient showing has been made on that front. That shortcoming is particularly significant with respect to attorney Tarlock, who worked by far the most hours on this case. Attorney Tarlock's work was done with roughly four years of experience. *See* Docket No. 32-3 at

---

[3] The motion indicates without elaboration that there are a limited number of qualified attorneys. Docket No. 32 at 4. The Ninth Circuit has identified three requirements before the Court exceeds the EAJA statutory cap on the hourly rate based on special factors:

> First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rate.

*Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (discussing *Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989)). The fee applicant bears the burden of establishing the basis for such an upward adjustment. *Natural Res. Defense Council, Inc. v. Winter*, 543 F.3d 1152, 1161 (9th Cir. 2008). An unelaborated assertion of a limited availability of skilled attorneys is not sufficient to meet that burden. *See, e.g.*, *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (the "bare assertion of an issue does not preserve a claim").

[4] The motion indicates that changes in cost of living warrant an adjustment to the statutory cap. Docket No. 32 at 4-5. A cost-of-living enhancement is not automatic and mere reference to inflation statistics is not sufficient to justify an enhanced fee award. *Douzat*, 2020 WL 3408706, at *3 (citing *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009)).

4. It is not uncommon in this District for the rates for attorneys will a similar level of experience to be requested and/or set below the rate being sought here, including in cases that are more complex than this social security matter.[5] Plaintiff's efforts for a higher rate consist of a statement that Tarlock has been awarded a rate of $217.54 in cases litigated elsewhere. *See* Docket No. 32 at 8. While rates that have been awarded to an attorney in other cases can prove helpful as a general matter, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990), the rate determinations are not so helpful in this case because they were awarded in far-away jurisdictions like the Northern District of Illinois, *see, e.g.*, *Miranda v. Law Office of D. Scott Carruthers*, 2012 WL 78236, at *7 (E.D. Cal. Jan. 10, 2012) (rejecting reliance on rate determinations made in other districts). "Information on the prevailing rates in other communities is of little assistance to the court in determining whether plaintiff's requested rate for [attorney services] is within the prevailing rates in [this community]." *Joe Hand Promotions, Inc. v. Albright*, 2013 WL 4094403, at *2 (E.D. Cal. Aug. 13, 2013); *see also Prison Legal News*, 608 F.3d at 454 (affirming refusal to rely on data used for rate determinations in the District of Columbia because it is not necessarily "a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away").[6] Given the lack of persuasive evidence of a different prevailing rate in this community, the Court will calculate attorney fees at the rate of $125.

---

[5] *See Wesco Ins. Co. v. Smart Indus. Corp.*, 2020 WL 3050710, at *2 (D. Nev. June 8, 2020) (adopting hourly rate of $150 for fourth-year associate work); *see also Garmong v. Lyon Cnty.*, 2019 WL 320567, *2 (D. Nev. Jan. 24, 2019) (adopting hourly rate of $160 for partner work and $140 for associate work); *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2017 WL 2562104, at *2 (D. Nev. June 13, 2017) (adopting hourly rate of $150 for associate work); *Jones v. Nye Cnty.*, 2016 WL 7441068, at *3 (D. Nev. Dec. 27, 2016) (adopting hourly rate of $150 for partner work and $125 for associate work); *Am. Contractors Indem. Co. v. Emerald Assets L.P.*, 2016 WL 4591767, at *5 (D. Nev. Sept. 2, 2016) (adopting hourly rate of $125 for associate work); *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, at *10-11 (D. Nev. Apr. 16, 2015) (in relatively complex patent case, adopting requested hourly rate of $95 for work done by "[n]ewly licensed attorney").

[6] Rates from other jurisdictions may be used if Nevada attorneys are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Plaintiff has not made a sufficient showing that Nevada attorneys are unable or unwilling to take this type of social security case.

### 2. Legal Assistant

Plaintiff's showing as to the rate for legal assistant Solomonik is also thin. Plaintiff submits a regional survey of legal assistant rates, which is not specific to Nevada and sheds no light on the rates for legal assistant work for this type of case. *See* Docket No. 32 at 6; *see also* Docket No. 32-4. Plaintiff also submits that legal assistant Solomonik was awarded $100 in the mid-western districts discussed above, which is of little help to determining a prevailing market rate in this District. Nonetheless, Plaintiff essentially argues that legal assistant Solomonik was performing paralegal tasks in this case. *See* Docket No. 32 at 6 (referencing the "paralegal duties" performed). The Court may rely on its own familiarity with the rates in this District in fashioning an appropriate rate for the lodestar, *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011), and finds that the suggested hourly rate of $100 is appropriate for someone performing paralegal tasks with experience comparable to Solomonik's experience, *see Gibson v. Kijakazi*, 2022 WL 125316, at *3 (D. Nev. Jan. 12, 2022) (finding $100 rate for paralegal time in social security case to be reasonable); *see also Int'l Inst. of Mgmt. v. Org. for Econ. Coop. & Dev.*, 2019 WL 5578485, at *7 (D. Nev. Oct. 29, 2019) ("For the Las Vegas market, paralegals are typically paid between $75 and $125 per hour"). Accordingly, the Court will calculate the lodestar for legal assistant Solomonik's time at a rate of $100.

### C. LODESTAR CALCULATION

In light of the above, the Court awards 5.8 hours of attorney time at an hourly rate of $125, as well as 0.55 hours of legal assistant time at an hourly rate of $100. Therefore, Plaintiff is entitled to recover $780 in fees.

## IV. COSTS

In addition to the fees discussed above, Plaintiff seeks to recover the filing fee paid in this case. Docket No. 32 at 9. The filing fee is properly awarded under the EAJA. *See, e.g.*, *Hassine v. Johnson*, 53 F. Supp. 3d 1297, 1308 (E.D. Cal. 2014). Accordingly, the Court awards Plaintiff $402 in costs.

## V. CONCLUSION

As discussed more fully above, Plaintiff's application for fees and costs is **GRANTED** in part and **DENIED** in part.  Plaintiff is awarded $780 in fees and $402 in costs.

IT IS SO ORDERED

Dated: December 13, 2022

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　United States Magistrate Judge